IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JORGE HERRERA a/k/a JUAN DEJESUS RODRIGUEZ,

    Petitioner,

v.

T. JOHNS,

    Respondent.

CIVIL ACTION NO.: 5:16-cv-88

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jorge Herrera ("Herrera"), who is currently housed at the D. Ray James Correctional Facility in Folkston, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Response. (Doc. 8.) For the reasons which follow, I **RECOMMEND** that the Court **DENY** Herrera's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Herrera leave to proceed *in forma pauperis* on appeal.

## BACKGROUND

Herrera was apprehended by Immigration and Customs Enforcement ("ICE") officials in Brownsville, Texas, for attempting to enter the United States after being previously deported. (Doc. 8, p. 3.) The United States District Court for the Southern District of Texas sentenced Herrera to 30 days' imprisonment for knowingly and willfully attempting to gain illegal entry into the United States by a false and misleading representation, in violation of 8 U.S.C. § 1325(a)(3), in Case Number 1:08-PO-1821 on October 1, 2008. (Doc. 8-1, p. 25.) The Texas

district court ordered that Herrera receive credit for all time served, and he completed this sentence on October 21, 2008. (Id. at p. 27.)

On October 24, 2008, Herrera was remanded to the custody of the United States Marshals Service pursuant to an arrest warrant and detainer issued on July 18, 2003, in the Southern District of Florida in Case Number 1:03-CR-20573. (Id. at p. 31.) Herrera was sentenced on June 9, 2009, to 121 months' imprisonment for possession with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 841(a)(1). Herrera's sentence was later reduced to 120 months' imprisonment. He has a projected release date of August 22, 2017, via good conduct time release. (Doc. 8-1, pp. 2, 19.)

In his Petition, Herrera asserts he is entitled to credit against his federal sentence for the time he was arrested and under the custody of ICE until the date he was transferred to the Southern District of Florida.[1] (Doc. 1, p. 4.) Herrera claims that, if the Bureau of Prisons ("BOP") were to correctly calculate his sentence, he would have been entitled to his release on June 7, 2017, rather than on September 21, 2017, as the BOP has calculated.[2] (Id. at p. 5.)

Respondent contends Herrera has received all of the credit against his federal sentence to which he is entitled. (Doc. 8, p. 6.) Respondent states Herrera's argument to the contrary is

---

[1] Herrera seeks credit from September 22, 2008, until November 18, 2008. (Doc. 1, p. 4.) It is unclear from where Herrera obtained the November 18, 2008, date, though he contends that is the date he was transferred to the Southern District of Florida. Based on what the Court can glean from the record, it appears that November 18, 2008, is listed on Herrera's Inmate History printout as the date of his pre-sentence admittance, which could very well be the date he was transferred to the Southern District of Florida. (Doc. 8-1, p. 23.)

[2] Respondent contends that, during Bryan Erickson's audit of Herrera's sentence computation, he noticed Herrera was not credited with time against any sentence based on his November 22, 2005, arrest in the State of New York. The BOP adjusted the computation of Herrera's sentence to credit the time from his arrest on November 22, 2005, through the date he was released on bond, December 21, 2005. Accordingly, Herrera's projected release date is now August 22, 2017, rather than September 21, 2017. (Doc. 8-1, p. 2 n.1.)

without merit because he has already received the credit he seeks, and awarding additional credit violates the prohibition against receiving double credit.

## DISCUSSION

### I. Sentence Computation

It is the duty of the United States Attorney General, acting through BOP, to determine the amount of credit due for the time served by the defendant prior to sentencing. United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010). Section 3585 of Title 18 of the United States Code, which pertains to "credit for prior custody," is controlling for making credit determinations for sentences imposed under the Sentencing Reform Act of 1984. This statute provides:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit of Prior Custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585 (emphasis added). In determining the proper credit, a two-part analysis is helpful. First, it must be determined when the sentence commenced. A sentence "'cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)). "Multiple terms of imprisonment imposed at

3

different times run consecutively unless the court orders that the terms are to run concurrently." United States v. Ballard, 6 F.3d 1502, 1505 (11th Cir. 1993); see also 18 U.S.C. § 3584(a).

Herrera was charged in the Southern District of Texas by criminal complaint in Case Number 1:08-PO-1823 of knowingly and willfully attempting to gain illegal entry into the United States by presenting a fictitious resident alien card, in violation of 8 U.S.C. § 1325(a)(3), at the Brownsville, Texas, port of entry on September 22, 2008.[3]  (Doc. 8-1, pp. 25, 29.)  On October 1, 2008, Herrera pleaded guilty to the charged offense and was sentenced to thirty (30) days' confinement, with credit for time served. (Id. at p. 27.) Herrera was released on October 21, 2008, and he had received credit against that sentence from September 22, 2008, through September 30, 2008. (Id. at p. 29.)

On October 24, 2008, Herrera was arrested in the Southern District of Florida based on a detainer lodged against him by the United States Marshals Service.[4]  Herrera had previously been charged on July 18, 2003, in the Southern District of Florida with conspiracy to possess with intent to distribute cocaine and heroin and possessing heroin with intent to distribute, in violation of 21 U.S.C. §§ 841 and 846, in Case Number 1:03-CR-20573. (Id. at p. 31.) Herrera pleaded guilty to the possession count of the indictment and was sentenced on June 9, 2009, to a term of 121 months' imprisonment. (Id. at pp. 9–10.)  Herrera's sentence was subsequently reduced to 120 months' imprisonment based on an amendment to the United States Sentencing Guidelines. (Id. at p. 16.)

The BOP conducted a sentence computation on the date Herrera's federal sentence commenced in Case Number 03-CR-20573, June 9, 2009. (Id. at p. 21.)  As a result of this

---

[3] Herrera was charged under the name of "Juan Jesus Rodriguez-Lopez". (Doc. 8-1, p. 25.)

[4] It appears Herrera was taken into the custody of the Marshals Service in Brownsville, Texas, on October 22, 2008, and was later arrested in the Southern District of Florida. (See Doc. 8-1, pp. 21, 31.)

computation, the BOP awarded Herrera credit against his federal sentence from November 22, 2005, through December 21, 2005, which are, as noted above, respectively the date of his arrest and the date of his release on bond in the State of New York.  The BOP also credited Herrera with the time between his release to the United States Marshals' custody in Case Number 03-CR-20573 on October 22, 2008, and the day before he was sentenced in that case, or through June 8, 2009, for a total of 260 days' credit.  (Id.)

Next, it must be determined what credit is due for time served prior to the commencement of Herrera's federal sentence in Case Number 03-CR-20573.[5]  To determine whether Herrera is entitled to any more credit against his federal sentence, the court must begin with the plain language of the statute itself.  Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000) (en banc) ("We begin our construction of [a statutory provision] where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision.").  Section 3585(b) clearly states that, in some circumstances, a defendant is entitled to credit for time served prior to sentence commencement *unless* that time has been credited against another sentence.

As noted above, Herrera's federal sentence in Case Number 03-CR-20573 commenced on June 9, 2009, the date he was sentenced in that case.  18 U.S.C. § 3585(a).  Herrera received 260 days' credit against his sentence for time served in the State of New York and for time served between the date he was in the exclusive custody of the United States Marshals Service and the date of his sentencing in Case Number 03-CR-20573.  Herrera is not entitled to any more credit against his federal sentence, as he has received every day of credit to which he is entitled.  Herrera cannot receive credit against his federal sentence for his requested dates (September 22,

---

[5] Program Statement 5880.28 provides that, if the prisoner is serving no other sentence at the time the sentence is imposed on the basis of the conviction for which the sentence is imposed, the sentence commences on the date of imposition.  (Doc. 8-1, p. 35.)

2008, through November 18, 2008) because, to credit Herrera with these dates, would be to give him "double credit", which is prohibited by statute. 18 U.S.C. § 3585(b). In fact, Herrera was credited with this time in Case Number 1:08-PO-1823, or at least from September 22, 2008, through October 21, 2008.[6] Herrera is not entitled to his requested relief, and the Court should **DENY** his Petition on this basis.

## II.   Leave to Appeal *in Forma Pauperis*

The Court should also deny Herrera leave to appeal *in forma pauperis*. Though Herrera has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[6] Again, the Court is uncertain as to the relevance of November 18, 2008, in Herrera's calculations. Nevertheless, Herrera was credited with time in custody from October 22, 2008, through June 8, 2009, and he cannot be given any more credit against his federal sentence in Case Number 03-CR-20573, as already discussed.

Based on the above analysis of Herrera's Petition and Respondent's Response, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Herrera *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DENY** Herrera's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Herrera leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Herrera and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 4th day of August, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA